# UNITED STATES DISTRICT COURT

## District of Kansas

(Wichita Docket)

UNITED STATES OF AMERICA,

                        **Plaintiff,**         **FILED UNDER SEAL**
                                          **CASE NO. 6:25-cr-10016-EFM-1-6**

       **v.**

**RAASHAD ROBINSON,**
aka "Shoddy",

**EDDIE ROBINSON,**
aka "Trey",

**JAMES WILKINSON,**

**MARTEL COSTELLO,**

**HASSAN SMITH, and**

**JEVANTE OLIVER,**
aka "YS",
aka "Young Special"

                **Defendants.**

# SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

# COUNT 1

**DRUG CONSPIRACY**
**[21 U.S.C. § 846]**

From at least sometime in March of 2024, the exact date being unknown to the Grand Jury, through and including September 4, 2024, within the District of Kansas, and elsewhere, the defendants,

**RAASHAD ROBINSON,**
aka "Shoddy",
**EDDIE ROBINSON,**
aka "Trey",
**JAMES WILKINSON,**

knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) to possess with the intent to distribute; (b) to possess with the intent to distribute fentanyl analogue; (c) to distribute fentanyl; (d) to attempt to distribute fentanyl and (e) to maintain drug involved premises in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 856(a)(1) and (a)(2).

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), 846, and Title 18 United States Code, Section 2.

## Quantity of Fentanyl Involved in the Conspiracy

With respect to defendants **RAASHAD ROBINSON**, **EDDIE ROBINSON**, and **JAMES WILKINSON**, each defendant's conduct as a member of the conspiracy charged in Count 1, which includes drug quantities that the defendant directly handled within the

scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved four hundred (400) grams or more of a mixture and substances containing a detectable amount of fentanyl, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

### Quantity of Fentanyl Analogue Involved in the Conspiracy

With respect to defendants **RAASHAD ROBINSON** and **EDDIE ROBINSON**, each defendant's conduct as a member of the conspiracy charged in Count 1, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved one hundred (100) grams or more of a mixture and substances containing a detectable amount of fentanyl analogue, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

## COUNT 2

**POSSESSION WITH THE INTENT TO DISTRIBUTE FENTANYL**
**[21 U.S.C. § 841(a)(1) and (b)(1)(A)]**

On or about May 7, 2024, in the District of Kansas, the defendant,

**HASSAN SMITH**,

did unlawfully, knowingly and intentionally possess with intent to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 3

**POSSESSION WITH THE INTENT TO DISTRIBUTE FENTANYL**
**[21 U.S.C. § 841(a)(1) and (b)(1)(A)]**

On or about June 6, 2024, in the District of Kansas, the defendant,

**JAMES WILKINSON**,

did unlawfully, knowingly and intentionally possess with intent to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 4

**POSSESSION WITH THE INTENT TO DISTRIBUTE FENTANYL**
**[21 U.S.C. § 841(a)(1) and (b)(1)(A)]**

On or about June 6, 2024, in the District of Kansas, the defendant,

**EDDIE ROBINSON,**
aka "Trey",

did unlawfully, knowingly and intentionally possess with intent to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 5

**POSSESSION WITH THE INTENT TO DISTRIBUTE FENTANYL ANALOGUE**
**[21 U.S.C. § 841(a)(1) and (b)(1)(B)]**

On or about July 11, 2024, in the District of Kansas, the defendant,

**MARTEL COSTELLO,**

did unlawfully, knowingly and intentionally possess with intent to distribute ten (10) grams or more of a mixture and substance containing a detectable amount of fentanyl analogue, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(vi) and Title 18, United States Code, Section 2.

## COUNT 6

**DISTRIBUTION OF FENTANYL ANALOGUE**
**[21 U.S.C. § 841(a) and (b)(1)(A)]**

On or about July 26, 2024, within the District of Kansas, the defendant,

**JEVANTE OLIVER,**
aka "YS",
aka "Young Special",

did unlawfully, knowingly and intentionally distribute one hundred (100) grams or more of a mixture and substance containing a detectable amount of fentanyl analogue, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi), and Title 18 United States Code, Section 2.

## COUNT 7

### INTERSTATE TRAVEL IN AID OF RACKETEERING
### [18 U.S.C. § 1952(a)(3)]

From on or about and between September 2, 2024, and September 4, 2024, in the District of Kansas, and elsewhere, the defendant,

**RAASHAD ROBINSON,**
aka "Shoddy",

did travel in interstate commerce, and did aid and abet another who had traveled in interstate commerce, with the intent to promote and carry on and facilitate the promotion and carrying on of an unlawful activity, that is the possession of fentanyl with the intent to distribute.

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT 8

### ATTEMPTED DISTRIBUTION OF FENTANYL
### [21 U.S.C. § 841(a)(1) and (b)(1)(A)]

On or about September 4, 2024, within the District of Kansas, and elsewhere, the defendant,

**RAASHAD ROBINSON,**
aka "Shoddy",

did unlawfully, knowingly and intentionally attempt to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), 846, and Title 18 United States Code, Section 2.

## COUNT 9

**ATTEMPTED DISTRIBUTION OF HEROIN**
**[21 U.S.C. § 841(a)(1) and (b)(1)(A)]**

On or about September 4, 2024, within the District of Kansas, and elsewhere, the defendant,

**RAASHAD ROBINSON,**
aka "Shoddy",

did unlawfully, knowingly and intentionally attempt to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), 846, and Title 18 United States Code, Section 2.

## COUNT 10

**POSSESSION OF A FIREARM DURING IN**
**FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. 924(c)]**

Between September 2, 2024, and September 4, 2024, in the District of Kansas, and elsewhere, the defendant,

**RAASHAD ROBINSON,**
aka "Shoddy",

did knowingly possess a firearm, to wit: a Glock, Model 23, .40 caliber pistol bearing S/N MVL837, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is conspiracy and attempted distribution of a controlled substance, to wit: fentanyl, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i).

## COUNT 11

**MAINTAINING A DRUG INVOLVED PREMISE**
**[21 U.S.C. § 856(a)(1) and (a)(2)]**

Between May 7, 2024, and June 6, 2024, in the District of Kansas, the defendants,

**RAASHAD ROBINSON**
aka "Shoddy",
and **EDDIE ROBINSON**
aka "Trey",

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence located at 10707 W. Graber, Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said residence for the purpose of unlawful storing, using, manufacturing and distributing fentanyl, a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

8

## COUNT 12

**MAINTAINING A DRUG INVOLVED PREMISE**
**[21 U.S.C. § 856(a)(1)]**

Between sometime in March of 2024, and December 19, 2024, in the District of Kansas, the defendant,

**EDDIE ROBINSON,**
aka "Trey",

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence located at 930 S. Armour, Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said residence for the purpose of unlawful storing, using, manufacturing and distributing fentanyl and marijuana, a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

## COUNT 13

**POSSESSION OF MARIJUANA**
**WITH THE INTENT TO DISTRIBUTE**
**[21 U.S.C. § 841(a)(1) and (b)(1)(D)]**

On or about December 19, 2024, in the District of Kansas, the defendant

**EDDIE ROBINSON,**
aka "Trey",

did unlawfully, knowingly, and intentionally possess, with the intent to distribute, a mixture and substance containing a detectable amount of Marijuana, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 14

**POSSESSION OF A FIREARM DURING IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
[18 U.S.C. 924(c)]**

On or about December 19, 2024, in the District of Kansas, the defendant,

**EDDIE ROBINSON,**
aka "Trey",

did knowingly possess a firearm, to wit: a Smith and Wesson, SD9VE, 9mm caliber pistol, bearing serial number FCA1244, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute a controlled substance, to wit: Marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i).

## FORFEITURE NOTICE

1.     The allegations contained in Counts 1-14 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853(a).

2.     Upon conviction of the offenses set forth in Counts 1-14, the defendants,

**RAASHAD ROBINSON** (1, 7-11),
aka "Shoddy",
**EDDIE ROBINSON** (1, 4, 11-14),
aka "Trey",
**JAMES WILKINSON** (1, 3),

**HASSAN SMITH** (2),
**MARTEL COSTELLO** (5),
and **JEVANTE OLIVER** (6),
aka "YS",
aka "Young Special",

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d),

and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved

in the commission of the offenses, including, but not limited to:

    A. a Smith and Wesson, SD9VE, 9mm caliber pistol, bearing serial number FCA1244;

    B. Ruger, model unknown, .9mm caliber handgun, bearing serial number 458-28696;

    C. Glock, Model 23, .40 caliber handgun bearing serial number MVL837; and

    D. Ammunition.

3.    Upon conviction of the offenses set forth in Counts 1-6, 8-9 and 11-13, the

defendants,

**RAASHAD ROBINSON** (1, 8-9, 11),
aka "Shoddy",
and **EDDIE ROBINSON** (1, 4, 11-13),
aka "Trey",
**JAMES WILKINSON** (1, 3),
**HASSAN SMITH** (2),
**MARTEL COSTELLO** (5),
and **JEVANTE OLIVER** (6),
aka "YS",
aka "Young Special",

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a),

any property constituting or derived from any proceeds obtained, directly or indirectly, as

the result of such offense and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

A. a Smith and Wesson, SD9VE, 9mm caliber pistol, bearing serial number FCA1244;

B. Ruger, model unknown, .9mm caliber handgun, bearing serial number 458-28696;

C. Glock, Model 23, .40 caliber handgun bearing serial number MVL837;

D. Ammunition;

E. A forfeiture money judgment against Raashad Robinson in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 1 and 11;

F. A forfeiture money judgment against Eddie Robinson in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 1, 11, and 12;

G. A forfeiture money judgment against James Wilkinson in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Count 1;

H. A forfeiture money judgment against Jevonte Oliver in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Count 6;

All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853(a).

A TRUE BILL.

February 20, 2025
DATE

s/Foreperson
FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ Katherine J. Andrusak
Katherine J. Andrusak
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: katie.andrusak@usdoj.gov
Ks. S. Ct. No. 25961

---

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

---

## **PENALTIES**

### **Counts 1-4, 6, 8-9: 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### **Count 5: 21 U.S.C. § 841(b)(1)(B)**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years. 21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years. 21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million. 21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years. 21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million. 21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 13 - 21 U.S.C. 841(b)(1)(D)

- Punishable by a term of imprisonment of not more than five (5) years. 21 U.S.C. § 841(b)(1)(D).

- A term of supervised release of at least two (2) years. 21 U.S.C. § 841(b)(1)(D).

- A fine not to exceed $250,000. 21 U.S.C. § 841(b)(1)(D).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 7:  18 U.S.C. § 1952(a)(3)

- Punishable by a term of imprisonment of not more than 5 years. 18 U.S.C. § 1952(a)(3).

- A term of supervised release of not more than 3 years. 18 U.S.C. § 3583.

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 11-12: 21 U.S.C. 856(a)(1) and (a)(2)**

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 856(b).

- A term of supervised release of at least three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $500,000.  21 U.S.C. § 856(b).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 10, 14: 18 U.S.C. §924(c)**

- Punishable by a term of imprisonment of not less than five (5) years.  18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $10,000.  26 U.S.C. § 5871.

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.